**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Armando De La Rosa, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-01910-JOF |
| IFCO Systems North America, Inc., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the court on Liberty Mutual Insurance Company's motion to intervene [20].

Plaintiff, Armando de la Rosa, filed suit against Defendants IFCO Systems North America, Inc., RPC Management Services, Inc., XYZ Corporation No. 1, and XYZ Corporation No. 2, alleging that on June 22, 2007, as an employee of Atlanta Bonded Warehouse Corp., he was seriously injured while transporting damaged or destroyed pallets in a stand-up, counter-balanced truck, or forklift when the forklift collapsed into a hole in a trailer owned by one or more defendants including IFCO. Plaintiff filed suit in the State Court of Cobb County on May 28, 2009, and Defendants removed the suit to this court on July 15, 2009.

On November 12, 2009, Liberty Mutual Insurance Company filed the instant motion to intervene.[1] Liberty Mutual contends that it has paid $87,255.31 in workers' compensation benefits to Plaintiff and therefore has a subrogation lien against Plaintiff. Because of these payments, Liberty Mutual asks that it be allowed to intervene as of right pursuant to O.C.G.A. § 34-9-11.1. Defendants IFCO and RPC Management Services, Inc. object to the motion to intervene arguing that (1) it is untimely as filed outside of the two year statute of limitations, (2) it is barred by laches, (3) Liberty Mutual has no standing to sue, and (4) Liberty Mutual cannot recover because Plaintiff has not been fully compensated for his losses and will not be "made whole" thereby defeating subrogation.

To establish intervention as of right under Federal Rule of Civil Procedure 24(a), an applicant must show that (1) his motion is timely, (2) he has an interest relating to the property or transaction that is the subject of the action, (3) the disposition of the action may impede the applicant's ability to protect his interests, and (4) his interests are not adequately represented by the existing parties to the suit. *United States v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir. 2002).

---

[1]The court notes that Liberty Mutual cites to O.C.G.A. § 9-11-24(a) in support of its motion. As the matter of intervention is procedural, the court looks instead to Federal Rule of Civil Procedure 24. In any event, the two rules are substantially similar.

O.C.G.A. § 34-9-11.1 provides:

(b) In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

*Id. See also North Bros. Co. v. Thomas*, 236 Ga. App. 839, 840 (1999) (§ 34-9-11.1 enacted to allow employer's insurer to intervene to recover, under certain circumstances, amount paid out in worker's compensation benefits).  As such, the court determines that Liberty Mutual may intervene as of right pursuant to Federal Rule of Civil Procedure 24(a) (providing that party may intervene where "applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest").

The court further notes that Liberty Mutual is a Massachusetts corporation and the court's exercise of diversity jurisdiction over this action will not be disturbed by the intervention.  *Compare Karsner v. Lothian*, 532 F.3d 876 (D.C. Cir. 2008 ) (supplemental

3

jurisdiction does not extend to those seeking to intervene as plaintiffs in action brought pursuant to diversity statute) and *Sunpoint Securities, Inc. v. Porta*, 192 F.R.D. 716, 718-19 (S.D. Fla. 2000) (Kovachevich, J.) (stating court cannot exercise supplemental jurisdiction over non-diverse party if he seeks to intervene pursuant to Rule 24 in claim solely based on diversity) *with Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643 (10th Cir. 2006) (no independent jurisdictional basis for intervention required) and *Angst v. Royal Macabees Life Ins. Co.*, 77 F.3d 701 (3d Cir. 1996) (if "intervenor's entry into case can be supported by ancillary jurisdiction, diversity of citizenship between the intervenor and the other parties to the litigation in unnecessary," but no discussion of 1990 amendments to 28 U.S.C. § 1367 that might impact question).

Because O.C.G.A. § 34-9-11.1 specifically grants the employer's insurer the right to intervene, the court disagrees with Defendants' contention that Liberty Mutual has no standing to sue. *See Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866 (2002) ("Failure to allow intervention to protect the subrogation lien or the employee's rights constitutes an abuse of discretion by the trial court."). Further, in acting to protect any right to subrogation Liberty Mutual might have, Liberty Mutual steps into the shoes of the employee who timely filed his action. Thus, the court disagrees that Liberty Mutual's motion to intervene is untimely or barred by laches. Furthermore, the statute of limitations refers to the right to seek recovery and not the right to intervene. *See Watkins v. Vestil Mfg.*

*Corp.*, Civil Action No. 07-CV-152-RWS, 2008 WL 5102885 (N.D. Ga. Dec. 1, 2008) (Story, J.) (noting that right to intervene is separate from right to enforce lien and seek recovery and right to enforce lien is not ripe until there is showing that plaintiff has been fully and completely compensated); *Lee v. Genie Industries, Inc.*, Civil Action No. 07-CV-47-CDL, 2007 WL 3284873 (M.D. Ga. Nov. 6, 2007) (Land, J.) (same).

Further, while O.C.G.A. § 34-9-11.1 states that "insurer's recovery . . . shall only be recoverable if the injured employee has been fully and completely compensated," Defendants' argument that Plaintiff has not and will not be fully compensated does not defeat Liberty Mutual's motion to intervene. It may eventually be that Liberty Mutual cannot enforce its lien and receive recovery as a result of intervention, but it need not take Defendants' word for whether Plaintiff has been fully and completely compensated. Liberty Mutual is entitled to protect its subrogation interests and participate in the litigation to discover the economic and non-economic circumstances of Plaintiff's loss and recovery from the alleged tortfeasors. *See*, *e.g.*, *Liberty Mut. Ins. Co. v. Roark*, 297 Ga. App. 612 (2009) (granting plaintiffs' motion to join workers' compensation insurer as indispensable party, but ultimately adjudicating insurer's rights under substantive terms of Georgia statute); *Watkins*, 2008 WL 5102885 (noting that right to intervene arises when insurer asserts subrogation lien under § 34-9-11.1, but right to recovery arises "when there has been a demonstration that the employee has been fully and completely compensated").

5

For the foregoing reasons, the court GRANTS Liberty Mutual Insurance Company's

motion to intervene [20].

**IT IS SO ORDERED** this 3rd day of May 2010.


_____/s   J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

6